OPINION
On April 26, 1998, appellant, Christina Quigg, gave birth to a boy, Evan Paul Smith, fka Evan Paul Jones. On December 28, 1998, appellee, Gavin Smith, through the Fairfield County CSEA, filed a complaint to establish paternity. On same date, the parties filed a stipulated judgment entry naming appellee as the father of the child, and appellee filed a complaint for custody, support and visitation. On January 20, 1999, the parties filed an agreed temporary shared parenting order. A hearing on the matter was held on September 7, 1999. Prior to the commencement of this hearing, appellant requested a continuance. Said request was denied. By judgment entry filed October 27, 1999, the trial court granted custody of the child to appellee. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN AWARDING PLAINTIFF THE CARE, CUSTODY, AND CONTROL OF THE PARTIES' MINOR CHILD IN VIOLATION OF DUE PROCESS OF LAW.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN AWARDING PLAINTIFF THE CARE, CUSTODY, AND CONTROL OF THE PARTIES' MINOR CHILD AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED IN THE CASE.
 I
Appellant claims the trial court erred in awarding custody of the child to appellee as the decision violated her due process rights. Specifically, appellant claims the trial court did not have jurisdiction, and the trial court erred in denying her request for a continuance of the final hearing. We disagree.
 JURISDICTION
Appellant argues she was never served a summons and complaint pursuant to Juv.R. 16. This matter was initiated as a "Complaint to Establish Paternity" filed through the Fairfield County CSEA on December 28, 1998. Attached to said complaint was a waiver of notice and acknowledgment of service signed by appellant. Within the complaint was a prayer for "[a]n Order, if applicable, addressing issues of: allocation of parental rights; companionship; * * *." Parentage was established by a stipulated judgment entry filed right after the complaint was filed. Later on in the afternoon, appellee filed a "Complaint for Custody, Support and Visitation" pursuant to R.C. 3111.13(C) and R.C.2151.23(A)(2). On January 8, 1999, appellant filed an answer and prayed that the complaint be dismissed and visitation be established. Appellant also prayed for an order of child support. Thereafter, on January 20, 1999, an agreed temporary shared parenting order was filed bearing appellant's signature. The matter proceeded to pretrials and hearings. Appellant now complains she was never served with appellee's complaint for custody as evidenced by Docket Entry No. 12 entered on January 22, 1999 which states "[f]ailure of service issued to Robert C. Hetterscheidt upon Christina Rae Quigg. Re: certified mail/unclaimed, returned to sender." Appellant's jurisdictional argument does not claim the trial court was not empowered to determine custody [R.C. 2151.23(C)], but rather that appellee's complaint for custody was not served on her personally. Appellant argues there was no jurisdiction over her despite her personal appearances by signing an agreed entry and filing an answer wherein she requested dismissal of appellee's complaint and visitation and child support. We disagree with this argument. Appellant, by her very own actions and prayers for visitation and child support, assented to the trial court's jurisdiction. In addition, in the original complaint for paternity, the Fairfield County CSEA made a request for the allocation of parental rights and appellant waived service of process. Appellant also argues the trial court erred in not serving her with the complaint after she had filed her answer. Pursuant to Juv.R. 20(B), the clerk was not required to personally serve appellant after she had filed her answer:
 Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service is ordered by the court upon the party. Service upon the attorney or upon the party shall be made in the manner provided in Civ.R. 5(B).
Upon review, we find the trial court had jurisdiction over appellant.
 CONTINUANCE
Appellant claims the trial court erred in denying her request for a continuance of the final hearing made on the morning of said hearing date. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Fairfield County Loc.R. 16.7 governs continuances made within seven days of hearing/trial date and states as follows: Unless extraordinary circumstances are shown to exist, motions for continuances submitted within seven days of the trial/hearing date will automatically be denied.
Appellant's request for a continuance was made just prior to the commencement of the hearing. T. at 3. Said request was subject to the mandate in the local rule cited supra. We note from the time the complaint was filed (December 28, 1998) to the hearing date (September 7, 1999), appellant had three different attorneys. Appellant's second counsel was given permission to withdraw on August 5, 1999, some thirty days before the scheduled hearing date. Although appellant had two attorneys withdraw from her case, we cannot say it was an abuse of discretion to deny the request for a continuance when same was made just prior to the commencement of the trial and over thirty days from the time the second attorney had withdrawn. Upon review, we find the trial court did not abuse its discretion in denying the request for a continuance. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in awarding custody of the child to appellee. We disagree. The trial court has broad discretion in custody proceedings. Trickey v. Trickey (1952), 158 Ohio St. 913 [158 Ohio St. 9]; Blakemore, supra. If the record supports the trial court's decision and there are no findings of fact in the record, this court cannot supplant its own opinion of the facts. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. At the close of the evidence, the trial court noted "[w]e always get people on both sides who have slightly different versions of what happened." T. at 175. The trial court went on to state the following:
 Both parents are considered equal by the Court, so we start with that. I believe the father, from the evidence that I've heard, is too rigid in his interpretation of the entry that the Court signed earlier this year that the parties agreed to. But I believe that Christina conveniently doesn't get her mail or follow through with her responsibilities. There's been certain hearings and certain attorneys that she never seems to get here when she doesn't want to, or she finds out about things the day after. But be that as it may, from all the evidence that I've heard, I don't find that either parent is not capable of taking care of the child. But I find it to be in the best interest of Evan to be in the custody of the father.
T. at 176.
Appellant gave birth to a boy on April 26, 1998. T. at 11. Appellant named the child Evan Paul Jones. T. at 17, 78. "Jones" is the last name of the woman appellant resided with after leaving the hospital. T. at 18-19. Ms. Jones is a lesbian, but appellant testified she did not have a lesbian relationship with her. T. at 11. Appellant was aware appellee was the father of the child, but did not inform appellee of the birth until the child was two months old. T. at 19, 43. After appellee became aware of the birth, appellant told him the child was not his. T. at 34. Since the time of the child's birth, over a ten or eleven month period, appellant lived with Ms. Jones, then moved in with her mother, then moved to her own apartment, then moved back in with her mother and then moved in with her father. T. at 22-23, 132. When the child was between four and a half to six months old, appellant gave the child to appellee because she was having "some problems." T. at 37. After visitation was established per the agreed shared parenting order, appellant visited the child about twenty percent of her allotted visitation time. T. at 49-53. Appellant testified at times, if she was late for visitation, appellee would deny visitation. T. at 27-30. Appellee claimed he denied visitation only once when appellant was late for visitation per the terms of the agreed shared parenting order. T. at 53-54, 58. Appellant claimed she called appellee whenever she knew she was going to be late and appellee claimed appellant never called. T. at 28-29, 55. Carla Quigg, appellant's mother, testified appellee was uncooperative as to visitation and was "not flexible." T. at 97. Appellant missed a court date because she left for North Carolina without telling anyone where she was going. T. at 25-26, 107. Appellant does not have a driver's license due to a prior driving under suspension charge that appellant failed to appear for back in 1997. T. at 151-155. As a result, appellant does not have means of transportation. T. at 155. We note a shared parenting plan was not submitted to the trial court by either party. T. at 175. While we agree with the trial court that both appellant and appellee appear to be capable of taking care of the child, we find competent, credible evidence to support the trial court's decision that the best interests of the child lie with appellee. From the evidence presented, we cannot say the trial court abused its discretion in granting custody of the child to appellee.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.
GWIN, P.J. and HOFFMAN, J. CONCUR.